# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

_Joshua Isaac Martinez_,

Inmate ID Number: _V44831_,

*(Write your full name and inmate ID
number.)*

v.

_Sec'y Ricky D. Dixon_,
_Chaplain John Dumar_,
_Warden T. Bowden_, "see attached"

*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

Case No.: _1-25-cv-60 TKW/HTC_
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☑ YES   ☐ NO

FEB 24 '25 11:43
FILED USDC FLND GV

KM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Two-Thousand-Twenty-Five Anno Domini

Joshua Isaac Martinez (V44831),

     plaintiff,

v.          Case No.

FILED USDC FLND GU
FEB 24 '25 AM 11:48

KM

Sec'ty Ricky D. Dixon;
Chaplain JOHN DUMAS, and Regional Chaplain Patrick Mahoney,
Warden T. BOWDEN,
Asst. Warden HOLLY H. HAMLIN and   Jury Trial Requested
C.O. HAMLIN,

     defendants.

---

Plaintiff's Pro Sé 42 U.S.C. §1983 Civil Rights Complaint

Comes now, Joshua Isaac Martinez, (V44831) pro sé,
and HEREBY does bring suit against defendants in
above-styled case, pursuant §42 U.S.C. §1983, under
color of state-law.

LEGAL MAIL ONLY

UNITED STATES DISTRICT
COURT, NORTHERN DISTRICT
OF FLORIDA, GAINESVILLE DIVISION

Two-Thousand-Twenty-Five Anno Domini

Joshua Izaac Martinez (V44831),

        plaintiff,

   v.             Case No.

Sect'y Ricky D. Dixon
Regional Chaplain Patrick Mahoney,
Institutional Chaplain John Downer,
Asst. Chaplain David Talley,
Warden T. Bowden,
Asst. Warden Holly H. Hamlin,
and C.O. Hamlin,

        defendants.

        Jury Trial Requested

FILED USDC FLND GU
FEB 24 '25 AM11:44

_____

Plaintiff's Pro Sé 42 U.S.C. §1983 Civil Rights Complaint

Comes now, Joshua Izaac Martinez (V44831), pro sé, and HEREBY does bring suit against defendants in above-styled case, pursuant 42 U.S.C. §1983, under color of state law.

# I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: _Joshua Isaac Martinez_ ID Number: _V44831_

List all other names by which you have been known: _Jory, Isaac_

Current Institution: _Mayo Correctional Institution Annex_

Address: _8784 U.S. Hwy. 27 W., Mayo, Fl. 32066_

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: _Sect'y Ricky D. Dixon, F.D.O.C._

   Official Position: _Secretary, Florida Dept. of Corrections_

   Employed at: _Office of the Secretary, F.D.O.C._

   Mailing Address: _501 S. Calhoun St._

   _Tallahassee, Fl. 32399-2500_

   ☐ Sued in Individual Capacity    ☑ Sued in Official Capacity

2. Defendant's Name: _John Dumas_

   Official Position: _Chaplain, Institution_

   Employed at: _Mayo Correctional Institution Annex_

   Mailing Address: _8784 U.S. Hwy. 29 W._

   _Mayo, Fl. 32066_

   ☐ Sued in Individual Capacity    ☒ Sued in Official Capacity

3. Defendant's Name: _Patrick Mahoney_

   Official Position: _Regional Chaplain_

   Employed at: _Office of the Secretary_

   Mailing Address: _501 S. Calhoun St._

   _Tallahassee, Fl. 32399-2500_

   ☐ Sued in Individual Capacity    ☒ Sued in Official Capacity

   *(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

4. Defendant's Name: T. Bowden

Official Position: Warden, Head

Employed of: Mayo C.I. Annex

Mailing Address: 8784 U.S. Hwy. 27 W.

Mayo, Fl. 32066

○ Sued in Individual Capacity    ☑ Sued in Official Capacity

5. Defendant's Name: Holly H. Hamlin

Official Position: Ast. Warden of Programs

Employed of: Mayo C.I. Annex

Mailing address: 8784 U.S. Hwy. 27 W.

Mayo, Fl. 32066

○ Sued in Individual Capacity    ☑ Sued in Official Capacity

6. Defendant's Name: Mr. Hamlin

Official Position: Correctional Officer Supervising Food-Service.

Employed of: Mayo C.I. Annex

Mailing Address: 8784 U.S. Hwy. 27 W.

Mayo, Fl. 32066

☑ Sued in Official Capacity

7. Defendant's Name: David Talley

Official Position: Institutional Chaplain Accident

Employed of: Mayo C.I. Annex

Mailing Address: 8784 U.S. Hwy. 27 W, Mayo, Fl. 32066

○ Sued in Individual Capacity    ☑ Sued in Official Capacity

Are you bringing suit against *(check all that apply)*:

□ Federal Officials *(Bivens case)*     ☑ State/Local Officials *(§ 1983 case)*

## III. PRISONER STATUS

Indicate your confined status:

□ Pretrial Detainee          □ Civilly Committed Detainee

☑ Convicted State Prisoner   □ Convicted Federal Prisoner

□ Immigration Detainee       □ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1. Plaintiff is an incarcerated inmate at Mayo Correctional Institution Annex, serving an eight year sentence for Preventing or Obstructing Extinguishment of Fire, §806.10(1), Fla. Stat. and Damage Sex Viol. Pred. Delictus Commitment Facility, §806.13(1), Fla. Stat. (Case No. 2022 CF000 367 AXMA).

2. Plaintiff arrived at prison in May of 2023 on the present charges, and was transferred to his permanent camp, Mayo C.I. Annex, Aug. 1st, 2023, where he has since been.

3. On Oct. 29th, 2024, plaintiff wrote an Informal grievance addressed to the Institutional Chaplain, John Dumar, explaining that "On Friday, the 18th of October this year, at approximately 3:00 p.m., while working food-service, I had asked C.O. Hamlin if I could attend the 3:00 p.m. Jewish Service call-out I had..." See, EXHIBIT A, Oct. 28th filed informal grievance, log no. 223-2410-0287, for full grievance.

4. Plaintiff identifies as a Messianic Jew as his Religion of

Statement of Facts Continued (Page 2 of 5)

Record. Plaintiff attends weekly Shabbat service on the seventh-day Sabbath at the Chapel or of his or he can. Plaintiff also observes eating Kosher and wears a yarmulkele while in the Florida Dep't of Correct -ions, and these religious practices can be traced all the way back to the beginning of his first prison sentence, Dec. 19th, 2013 (2013 -102539 CFDL). The chaplaincy Dep't can easily identify every service plaintiff has ever attended, and they also keep a record of every request he has ever written to them. For the most part the only time plaintiff has not attended weekly Shabbat service is while in confinement and unable to do so. Plaintiff believes this right to assemble originated with Heb. 10:25, in the Bible, but is protected also by the First Amendment of the United States Constitution, Amend. I, U.S. Const.

5. Continuing what was written in No. 3, "He [C.O. Hamlin, who is plaintiff's work-supervisor in food-service] called the Chaplain [, John Dumser,] and asked if I could stay and work and the Chaplain, Chaplain Dumser, told him that was fine because I had already attended one service that week. So, I was ordered to stay and work." See, EX. A.

Statement of Facts Continued (Page __3__ of __5__)

6. The Hon. Court must recognize that it is a MANDATE to keep the Sabbath in the Bible at Exodus 20:8-11, which requires rest from work of a secular nature in order to devote one's self to Torah study, prayer, and worship. The institutional Chaplain, John Dumas, is well aware of this policy, as her job entails requires him to be acquainted with much knowledge as pertains to both Torah and Christian in regard to the weekly Sabbath. As such, the Biblical Sabbath begins around sunset on Friday and ends around sunset on Saturday. This is the Sabbath as it is observed by Jews world-wide, without deviation. (However, the Messianic Synagogue at Mega (i.e., called Qehillat Ha Derek Ha Shem dan (Fellowship of the Way of the Servants) lights candles for Shabbat at 3:00 p.m. approx. on Friday.) _____

7. On Oct. 29th, 2025, Chaplain John Dumas entered a response to plaintiff's grievance, App. EX. A, stating, "Your grievance is DENIED. THE SABBATH IS NOT RECOGNIZED AS A WORK PROSCRIPTION DAY BY THE DEPARTMENT OF CORRECTIONS."

8. On Nov. 11th, 2024, plaintiff submitted a formal grievance to the Warden and it was responded to on Dec. 2nd, 2024, by Asst.

Statement of Facts Continued (Page 4 of 5 )

Warden of Programs, Holly Hamlin ( log number 2411 -223-055). She denied the grievance, stating again in her response, "THE SABBATH IS NOT RECOGNIZED AS A WORK PROSCRIPTION DAY BY THE FLORIDA DEPARTMENT OF CORRECTIONS."

9. Plaintiff wrote a second formal grievance in attempt to appeal to the Secretary of F.D.O.C., Ricky D. Dixon, on Dec. 9th, 2024, received Dec. 16th, 2024, but the Head Warden, T. Bowden, answered it on Dec. 18th, 2024, referring the issue to Chaplaincy Services. (See, grievance log number 24-6- 39198). He wrote, "...due to staffing issues and security concerns, only official Holy Days that require a work proscription are approved for such. There are no work proscriptions for any faith groups weekly Sabbath." 10. On Jan. 9th, 2025, plaintiff again attempted to appeal to the Secretary's office, this time the Dec. 18th, 2024 decision of Warden T. Bowden. (See, grievance log number 25-6-02586). And, on Jan. 29th, 2025 Secretary's Representative, A. Tabor, returned the appeal without action since a decision had already been

Statement of Facts Continued    (Page 5 of 5)

rendered by the Secretary's Office (*Inf. Such decision being the implementation of the policy in question).

11. Plaintiff believes Secretary Ricky. D. Dixon is ultimately responsible for the direct implementation of the policy not providing a work exemption on the Sabbath, and plaintiff believes that the Regional Chaplain, Patrick Mahoney, is also directly responsible for it's implementation in violation of Amend I, U.S. Const.

12. Plaintiff believes that the Head Warden, T. Bowden, at Mayo Annex, the Asst. Warden of Programs, Holly H. Hardy, the head Chaplain, John Dumer, and the Asst. Chaplain, David Talley are responsible for promulgating the policy implemented by the Secretary and the Regional Chaplain at Mayo Correctional Institution Annex, in violation of Amend I, U.S. Const.

13. Plaintiff believes C.O. Hardly his work supervisor at food-service at Mayo Correctional Institution Annex, is to be held liable for deliberately trying to prevent plaintiff from going to Sabbath service in violation of Amend I, U.S. Const. "Freedom of religion" clause.

14. Plaintiff has provided a Memorandum of Law EXHIBIT B, explaining why the policy in question is unreasonable.

15. Plaintiff believes he has an interest in remaining free from restraint that has been violated by defendants by way of the policy, Amend IV, U.S. Const.

16. Plaintiff would like related policy providing that so long as an inmate has attended one religious service a week he is not entitled to be relieved from work to attend a second service under collateral view in regard to a potential First Amendment violation, ("Freedom of religion" clause) Amend I, U.S. Const.

ent of Facts Continued (Page    Stat

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

1. Secretary Ricky D. Dixon, F.D.O.C., Regional Chaplain Patrick Mahoney, Head Warden T. Bowden, Asst. Warden of Programs at Mayo C.I. Annex, Holly H. Hamlin, Head Chaplain John Dumas, Asst. Chaplain David Talley and C.O. Hamlin have violated plaintiff's First Amendment right to assemble and his First Amendment right of free exercise to practice religion by implementing and promulgating an unconstitutional policy that does not provide for a work ~ prescription on the weekly Sabbath, Amend I, U.S. Const, "see attached"

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages (either actual or punitive damages), include the amount sought and explain the basis for the claims.

Plaintiff prays the Hon. District Court will find the policy of F.D.O.C. providing for no work-prescription on the Sabbath unreasonably implinges on his First Amendment right to assemble and right to freely exercise religion and issue a declaration to that effect.

V. STATEMENT OF CLAIMS (Cont.)

2. Secretary Ricky D. Dixon F.D.O.C & Regional Chaplain Patrick Mahoney have indirectly impinged on plaintiff's liberty interest in remaining free from restraint by implementing the policy by which D.O.C. staff may require him to work on the Sabbath. _Amend IV, U.S. Const._

3. Warden T. Bowden, Asst. Warden of Programs Holly H. Hamlin, Chaplain John Dumas, Asst. Chaplain David Tolley and C.O. Hamlin are directly responsible for implementing the policy by which plaintiff has been required to work on the Sabbath day, not excluding Friday, Oct. 18th, 2024, impinging upon his freedom to remain at liberty in violation of _Amend IV, U.S. Const._

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☑ YES   ☐ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date: _Dec. 2nd, 2015_ Case #: _6:15-cv-2018-ORL-28 DAB_

   Court: _M.D. Fla., Orlando Div._

   Reason: _Habear Form sent to petitioner ( case filed under wrong pretence)_

2. Date: _Jan. 24th, 2022_ Case #: _2:21-cv-772-JLB-MM_

   Court: _M.D. Fla., Fort Myers Div._

   Reason: _I did not understand_

3. Date: ~~████~~ Case #: ~~████████~~

   Court: ~~████████~~

   Reason: _Failure to truly fully disclose litigation history_

## VIII. PRIOR LITIGATION (Cont.)

A.

4. Date: Jan 25ᵗʰ 2024 Case #: 2:24-cv-76-SPC-KCP

Court: M.D. Fla., Ft. Myers Div.

Reason: Court Does Not have Jurisdiction pending appeal

5. Date: May 2ⁿᵈ 2024 Case #: 1:24-cv-00021-MW-MAF

Court: N.D. Fla, Gainesville Div.

Reason: Failure to State a Claim (appeal pending: 24-12000-c)

6. Date: pending Case #: 1:25-cv-00003-AW-HTC

Court: N.D. Fla., Gainesville Div.

Reason: Reported & Recommended to be Dismissed (Awaiting Judgment)

7. Date: June 22ⁿᵈ 2022 Case #: 2:22-cv-350-SPC-NPM

Court: M.D. Fla., Ft. Myers Div.

Reason: Failure to State a Claim (Dismissed w/o Prejudice).

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits or appeals in *state or federal court* dealing

with the same facts or issue involved in this case?

□ YES ☑ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

2. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

   *(If necessary, list additional cases on an attached page)*

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in

*state or federal court* either challenging your conviction or relating to

the conditions of your confinement?.

☑ YES    □ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: 2:24-cv-96 Parties: Martinez v. Sec'y Dep't of Corr, SPC-KCP

   Court: M.D. Fla. Judge: Sheri Polster-Chappel

   Date Filed: N/A Dismissal Date (if not pending): Jan. 25th, 2024

   Reason: Stay and Abeyance not proper remedy

2. Case #: 5D20-350 Parties: Joshua I. Martinez v. State of Florida

   Court: Fifth D.C.A. Judge: (Randell H. Rowe III (below))

   Date Filed: N/A Dismissal Date (if not pending): Dec. 29th, 2020

   Reason: Per Curiam Affirmed (In re: Commitment of Joshua I. Martinez)

3. Case #: 2020-4489 CIDL Parties: Joshua I. Martinez v. State of Florida)

   Court: Seventh Judicial Circuit Judge: The Hon Randell H. Rowe III

   Date Filed: N/A Dismissal Date (if not pending): Jan. 9th, 2021

   Reason: Trial court believes §948.012(2),Fla. Stat. is Constitutional

4. Case #: 5D21-764 Parties: Joshua I. Rubran v. State of Florida

   Court: Fifth D.C.A. Judge: N/A

   Date Filed: N/A Dismissal Date (if not pending): July 9th, 2021

   Reason: Belated Appeal of decision in No. (3) granted.

5. Case #: 5D21-1699 Parties: Joshua Ivan Martinez v. State of Florida

   Court: Fifth D.C.A. Judge: N/A

   Date Filed: N/A Dismissal Date (if not pending): Nov. 17th, 2022

   Reason: D.C.A. affirming Jan. 7th, 2021 decision by Seventh Judicial Circuit

6. Case #: _5D 2024-0609_ Parties: _Juthua Isaac Martinez v._
_State of Florida_
Court: _Fifth D.C.A._ Judge: _Wallis, Soud and Pratt_
Date Filed: _Sept 11th 2024_ Dismissal Date (*if not pending*): _Feb 5th 2025_
Reason: _no opinion_

*(Attach additional pages as necessary to list all cases.)*

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## VIII. PRIOR LITIGATION (Cont.)

7. Case No. 2D23-0824 Parties: JOSHUA ISAAC MARTINEZ v. STATE OF FLORIDA

Court: Second D.C.A.   Judge: SILBERMAN, BLACK & SMITH J.J.

*No Brief Filed 12-11-23*

Date Filed: Apr. 18th 2023 Dismissal Date (if not pending) Jan. 3rd 2024, Review Dismissal Mar. 8th 2024

Reason: P.C.A. (Cert. to U.S. Supreme Court denied Oct. 3rd 2024) (Mandate: Nov. 19th 2024)

8. Case #: 2022CF000364AXMA Parties: STATE OF FLORIDA v. JOSHUA ISAAC MARTINEZ

Court: Twelfth Judicial Cir.   Judge: The Hon. Don T. Hall

Date Filed: Mar. 20th 2024 Dismissal Date (if not pending): Pending

Reason: 3.850 Motion

9. Case #: 5D24-0274   Parties: JOSHUA ISAAC MARTINEZ v. STATE OF FLORIDA

Court: Fifth D.C.A.   Judge: Makar, Jay, Kilbane, JJ

Date Filed: Jan. 24th 2024 Dismissal Date: Mar. 8th 2024

Reason: Related Appeal Cancelled

10. Case #: 2013-102539CFPL Parties: STATE OF FLORIDA v. JOSHUA ISAAC MARTINEZ

Court: Seventh Judicial Circuit   Judge: the Hon. Randall H. Rowe III

Date Filed: Aug. 30th 2013 Dismissal Date (if not pending): Dec. 7th 2023

Reason: Criminal Case dismissed; plea agreement (Dec. 10th 2013) found legal

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: 2-15-25 Plaintiff's Signature: _____

Printed Name of Plaintiff: _Joshua Isaac Martinez_

Correctional Institution: _Mayo Correctional Institution Annex_

Address: _8784 U.S. Hwy. 27 W.; Mayo, Fl. 32066_

_____

**I certify and declare, under penalty of perjury, that this complaint was (check one) ☑ delivered to prison officials for mailing or ☐ deposited in the prison's mail system for mailing on the _17th_ day of _Feb._, 20_25_.**

Signature of Incarcerated Plaintiff: _____

*EXHIBIT A*

## STATE OF FLORIDA
### DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Mail Number: _____
Team Number: _____
Institution: _Mayo Annex_

| TO:<br>(Check One) | ☐ Warden<br>☐ Asst. Warden | ☐ Classification<br>☐ Security | ☐ Medical<br>☐ Mental Health | ☐ Dental<br>☒ Other **CHAPEL** |
|---|---|---|---|---|

| FROM: | Inmate Name<br>Martinez, Joshua Isaac | DC Number<br>V44831 | Quarters<br>E-1103U | Job Assignment<br>Food Service | Date<br>Oct 27th/24 |
|---|---|---|---|---|---|

**REQUEST**                              Check here if this is an informal grievance ☒

On Friday, the 18th of October this year at approximately 3:00 p.m. while working food-service, I had asked C.O. Hamilton if I could attend the 3:00 p.m. Jewish Service call-out I had. He called the Chaplain and asked if I could stay and work and the Chaplain, Chaplain Dumas told him that was fine because I had already attended one service that week. So I was ordered to stay and work. However, 3:00 p.m. approximately, begins the weekly Sabbath, because that is when the sun has set in Jerusalem & I am Messianic Jewish in my Religion of Record and it is well-known that Jews observe the Sabbath from Friday evening to Saturday evening and cannot do ordinary work during that time, because it is a day of rest and worship, which dicho Any other service could be excused justifiably to attend work, but not the 3:00 p.m. Jewish Service on Friday evening because it is a mandate to keep the Sabbath in the Bible.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing. _Please honor Sabbath work proscription._

| Inmate (Signature): _[signature]_ | DC#: V44831 |
|---|---|

**DO NOT WRITE BELOW THIS LINE**
223-2410-0287          0801-Chap
DATE RECEIVED:

MAYO CORRECTIONAL INSTITUTION
OCT 28 2024
ASSISTANT WARDENS OFFICE

**RESPONSE**

YOUR INFORMAL GRIEVANCE WAS RECEIVED AND REVIEWED WITH THE FOLLOWING RESPONSE.

YOUR GRIEVANCE IS DENIED, THE SABBATH IS NOT RECOGNIZED AS A WORK PROSCRIPTION DAY BY THE FLORIDA DEPARTMENT OF CORRECTIONS.

BASED ON THE FOREGOING INFORMATION YOUR GRIEVANCE #223-2410-0287 IS DENIED.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is ___Denied___. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

ENTERED

| Official (Print Name): J. DUMAS | Official (Signature): _Chaplain J. Dumas_ | Date: OCT 29 2024 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)                    Incorporated by Reference in Rule 33-103.005, F.A.C.

Mitzyim (Egypt) (straight) — by Rabbi Chaim   11-6-3985

from Meltzer

*From INTRO to Torah (Alephtav) — Mitzvah - a conn. ritual, a sacred technology that [illegible]

— a powerful act of [illegible]

(requires focused intention and [illegible] in order to be fully transformational [illegible])

— The few that we begin with can be called "[illegible] love div [illegible]"

(e.g. putting on tefillin saying Prayer)

— When said in "severe" fear in [illegible]

— Sacred Contract with [illegible] you to God, [illegible] heart [illegible] you that in [illegible] always reminded [illegible]

L'shem mitzvah tzi-tzit

For the sake of the command of tzi-tzit.

INMATE COPY

# EXHIBIT B

## + Memorandum of Law +

".. tha Department has authority to create rules which may impose limits and restrictions on tha programs offered to prisoners. A prisoner may challenge a rule that he believes violates his constitutional rights, and the United States Supreme Court fashioned a standard for evaluating such claims which was set forth in <u>Turner v. Safley, 482 U.S. 78, 89-90, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)</u>. The Court identified four facts which focus the reasonableness inquiry:

(1) whether there is a "valid, rational connection" between tha regulation and a legitimate governmental interest put forward to justify it;

(2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates;

(3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and

(4) whether tha regulation represents an "exaggerated response" to prison concerns."

<u>JOSHUA I. MARTINEZ v. RICKY DIXON, Case No. 1:24cv21-MW-MAF, Second Report and Recommendation, May 2nd, 2024, pg. 4-5, Doc. 13.</u>

"In <u>Wolf, 418 U.S., at 556,</u> + the Court characterized tha liberty interest as one of "real substance", and articulated minimum procedures necessary to "reach a mutual accommodation between institutional needs and objectives and the provisions of the Constitution,"" <u>Sandin v. Conner, 515 U.S. 478, 132 L.Ed.2d 418, 115 S.Ct. 2293 (1995)</u>.



Joshua Isaac MARTINEZ (V44831)
Mayo Correctional Institution Annex
8784 U.S. Hwy. 27 W.
Mayo, Florida 32066

Clerk, Jessica J. Lyublanovits
U.S. District Court, Northern District
401 S.E. First Avenue
Room 243
Gainesville, Florida 32502-5658

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION
LEGAL MAIL

LEGAL MAIL

PROVIDED TO MAYO CORRECTIONAL INSTITUTION
ON _____ FOR MAILING
BY _____ (DATE) (STAFF INITIAL) (SUBSTANTIAL)