UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSHUA ISAAC MARTINEZ,
    Plaintiff,

v.                                        Case No. 1:25-cv-60-TKW-HTC

RICKY D. DIXON, et al.,
    Defendants.
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 7) and Plaintiff's objection (Doc. 8). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed without prejudice as malicious because Plaintiff abused the judicial process in failing to disclose his litigation history complete and honestly. *See Burrell v. Warden*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process.").

The Court did not overlook Plaintiff's argument that he "does not have the means to research every single case number for every single federal case he has ever filed." However, that argument is not persuasive because "like every other inmate, Plaintiff 'has an obligation to maintain … at least a list of case numbers[] for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case.'" *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022) (quoting *Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8, 2021)). Moreover, "the circumstances described by Plaintiff in his objection are not unique to him and it would make a mockery of the litigation history questions and the duty of candor owed to the Court if an inmate could simply blame his failure to truthfully answer those questions on … the lack of resources provided by the jail or prison." *Id.* Finally, the fact that the undisclosed cases arose during Plaintiff's term of civil commitment rather than his criminal confinement does not change the fact that those cases should have been disclosed because the litigation history question asked about cases "relating to the conditions of your confinement" and those cases plainly related to the conditions of Plaintiff's confinement during his civil commitment.

Accordingly, it is **ORDERED** that:

1.   The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

    2.    This case is **DISMISSED without prejudice** under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b), as malicious for Plaintiff's abuse of the judicial process.

    3.    The Clerk shall enter judgment in accordance with this Order and close this case.

**DONE AND ORDERED** this 7th day of April, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**